IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Shenzhen Haorun E-commerce Co., Ltd.<br><br>*Plaintiff*,<br><br>v.<br><br>Shenzhen Lanhe Technologies Co., Ltd.,<br><br>*Defendant*. | **Case No.**<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT OF NON-INFRINGEMENT AND INVALIDITY OF U.S. DESIGN PATENT NO. USD1030730S** |

### NATURE OF THE ACTION

1. This is an action for declaratory judgment under 28 U.S.C. §§ 2201–2202 and the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq., seeking a declaration that Plaintiff FenShu Trade's products, namely electroplating iPhone cases with stands, do not infringe Defendant's U.S. Design Patent No. USD1030730S ("the '730 Patent") and, in the alternative, that the patent is invalid and unenforceable under 35 U.S.C. § 282.

### JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a), and the Declaratory Judgment Act, 28 U.S.C. §§ 2201–2202.

3. Venue is proper in this judicial district under 28 U.S.C. § 1391(b) because Defendant conducts business within this District, offers products for sale to consumers in New York through interactive e-commerce platforms such as Amazon.com, and has caused injury to Plaintiff within this District.

## PARTIES

4. Plaintiff Shenzhen Haorun E-commerce Co., Ltd. is a business entity engaged in the design, manufacture, and sale of mobile phone accessories, including electroplating iPhone cases with stands, and maintains principal offices at Room 4001, Block B, Building 1, District 6, Yicheng Center Garden, No. 999, Meilong Avenue, Jingxin Community, Longhua Street, Longhua District, Shenzhen City, China.

5. Upon information and belief, Defendant Shenzhen Lanhe Technologies Co., Ltd. is a Chinese company with its principal place of business at C1215, Block C, Zhantao Technology Building, Intersection of Minzhi Avenue and Industrial East Road, Xinniu Community, Minzhi Street, Longhua District, Shenzhen and is the assignee or owner of U.S. Design Patent No. USD1030730S.

## FACTUAL BACKGROUND

6. Defendant is the holder of the U.S. Design Patent No. USD1030730S, entitled 'Case for Mobile Phone,' filed on May 5, 2023, claiming priority from Chinese Design Patent CN307319077S filed on February 8, 2022, and published on June 11, 2024.

7. Plaintiff's products—electroplating iPhone cases with stands—have been subject to multiple Amazon complaints filed by Defendant based on alleged infringement of the '730 Patent. The related complaint IDs include 18455745561, 18454476761, 18454251461, and 18455747541.

8. These complaints resulted in the removal or suspension of Plaintiff's Amazon listings under numerous ASINs, including B0F7XBQSFR, B0F7X4K1F4, B0DJ2Y12CF, B0D26399N2, B0DSQ2GG28, B0D266YJ8R, B0FFLM2HG2, and others, causing substantial financial loss.

9. Plaintiff, through its legal counsel, obtained professional non-infringement and invalidity analyses concluding that the '730 Patent is invalid in light of prior art and that Plaintiff's products do not infringe. Copies of these analyses are attached as Exhibits A–C.

### COUNT I – DECLARATORY JUDGMENT OF NON-INFRINGEMENT

10. Plaintiff realleges and incorporates the foregoing paragraphs.

11. There exists an actual and justiciable controversy between Plaintiff and Defendant regarding whether Plaintiff's products infringe the '730 Patent.

12. Under the "ordinary observer" test as articulated in *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665 (Fed. Cir. 2008), an ordinary observer, familiar with the prior art, would not find Plaintiff's products substantially the same as the claimed design.

13. Plaintiff's design differs in contour, proportion, and ornamental arrangement from the claimed design and any colorable imitation thereof. Accordingly, Plaintiff's products do not infringe the '730 Patent.

### COUNT II – DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

14. Plaintiff realleges and incorporates the foregoing paragraphs.

15. The '730 Patent is invalid under 35 U.S.C. §§ 102 and 103 because it lacks novelty and non-obviousness in view of prior art, including Chinese Design Patents CN306814663S and CN306996237S, both published before the priority date of the '730 Patent.

16. Further, the priority claim to CN307319077S is defective, as that application has been invalidated by the Chinese Patent Office, rendering the claimed priority date ineffective.

17. The design claimed in the '730 Patent is substantially identical to prior art and fails to present any ornamental distinction to qualify for protection.

18. The '730 Patent is also unenforceable due to inequitable conduct and lack of candor in failing to disclose relevant prior art during prosecution.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

a) Declare that Plaintiff's products do not infringe Defendant's U.S. Design Patent No. USD1030730S;

b) Declare that U.S. Design Patent No. USD1030730S is invalid and unenforceable;

c) Enjoin Defendant from filing further false or misleading infringement complaints with Amazon or other marketplaces against Plaintiff's products;

d) Award Plaintiff its costs and reasonable attorney's fees pursuant to 35 U.S.C. § 285; and

e) Grant such other and further relief as the Court deems just and proper.

Dated: December 15, 2025

Respectfully submitted,
/s/ Nitin Kaushik
Nitin Kaushik
1600 Perrineville Rd
Ste 2-400
Monroe Township, NJ 08831
nitin.kaushik@gmail.com
*Counsel for Plaintiff*